## MATTER OF LAUER

### In Visa Petition Proceedings

### A-14863530

*Decided by Board April 20, 1967*

Paternity acknowledgment alone by petitioner (the natural father) of bene-
ficiary, who was born out of wedlock in Germany in 1950, does not constitute
legitimation for immigration purposes (section 101(b)(1)(C), Immigration
and Nationality Act, as amended) since under German law legitimation is
accomplished either by the subsequent marriage of the natural parents or
upon application by the natural father that the child be declared legitimate
by order of the court or state.

ON BEHALF OF SERVICE: R. A. Vielhaber
Appellate Trial Attorney
(Oral argument)

The case comes forward on appeal from the order of the District
Director, New York District, dated January 26, 1967 denying the visa
petition for the reason that the evidence establishes that the petitioner
was never married to the mother of the beneficiary and, therefore, the
relationship of father and child has not been established as defined
in section 101(b)(1) of the Act, as amended.

The petitioner, a native of Ukraine, a lawful permanent resident
of the United States, seeks preference quota status on behalf of the
beneficiary as his legitimated son. The beneficiary is a native and
citizen of Germany, 16 years old, male.

The evidence establishes that the beneficiary was born out of wed-
lock and that the petitioner acknowledged paternity before the dis-
trict court in Bamberg on July 10, 1950. The effect of the acknowledg-
ment of paternity is the issue in the case.

Under German law, legitimation is accomplished either by the sub-
sequent marriage of the natural parents,[1] or upon application by the

---

[1] Section 1719, German Civil Code.

natural father that the child be declared legitimate by order of the court or state.[2]

Inasmuch as the beneficiary is not the legitimate nor the legitimated child of the petitioner, he cannot qualify for preference quota status as the child of a lawfully resident alien. The question of whether the beneficiary is exempt from the requirement of a labor certification pursuant to section 212(a)(14) either under 8 CFR 212.8(b)(5) or whether he can qualify for a preference under section 203(a)(6) of the Immigration and Nationality Act may be resolved by the appropriate consular officer or the local district director.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] Section 1723, German Civil Code. See also, unreported *Matter of Sticht*, File VP8-57228 (November 17, 1954) involving the same circumstances as the instant case which occurred in 1921. The Library of Congress notifies us that there has been no change in the German law.